JOHN MURRAY and SUSAN MURRAY, his wife, *v.* WILLIAM MURRAY and MARY MURRAY, his wife.

A. says of B., a married woman, "She is not a decent woman; she had a bastard child by her husband before her marriage," etc.

*Held,* on demurrer, that the words were actionable *per se,* and no special damage need be averred.

ERROR TO SPECIAL TERM.—The petition and demurrer thereto, which was sustained at Special Term, present the case as brought up on writ of error to the judgment below.

The plaintiffs complained that the defendant, Mary Murray, wife of William Murray, on the 31st of October, 1870, charged the plaintiff's wife, Susan Murray, in the following words, " She," meaning the said Susan Murray, " had a bastard child by her husband before marriage ;" that " she," meaning the said Susan, " ran after him," meaning the said John Murray, " in all the dirty alleys in town, and compelled him to marry her by bringing him into court."

The defendants demurred, and after argument the court below sustained the demurrer.

*Edwards,* for plaintiff.

*Mallon & Coffey,* contra.

STORER, J. In giving a construction to the language used by others, we must ascertain the intention of the party who has spoken the words charged as slanderous, and are permitted to take every part of the conversation wherein the accusation was made into account.

The parties litigant are females of the same name, and, it may be, related to one another ; and we may conclude, if

the words are truly stated, the defendant must have intended to injure and defame the plaintiff.

The demurrer admits the fact that the defendant begins with the assertion the plaintiff " is not a decent woman," an epithet which, in common parlance, will scarcely admit of any other meaning than that " she is not morally pure ;" indeed, such is the implication that would naturally be drawn from such a charge. But connected with the charge is that of having had an illegitimate child, which explains what the defendant intended by using the introductory words thus. We think the words spoken convey clearly the imputation of such immoral conduct as may well authorize the recovery of damages by the plaintiff.

Where, by the common law, an action would not lie in favor of a female for similar words spoken to her prejudice, our courts have, nevertheless, protected the party aggrieved. Thus it was held more than half a century ago, that to call a woman a strumpet was actionable *per se*, without any allegation of special damage. This is now the admitted rule in Ohio. *Sexton* v. *Todd*, Wright's Reports, 317.

In *Watson* v. *Trask*, 6 Ohio, 532, it is said, " That any charge which, if true, tends to exclude a person from society, the party aggrieved may seek redress from the jury without alleging or proving special damages." And if, in ordinary cases, such has been regarded as the proper test, *ex fortiori* where the character of a female is impugned by a statement which must necessarily result in social excommunication.

So in *Malone* v. *Stewart*, 15 Ohio, 319, the principle is fully sustained. The court there say, " That words spoken of a female which tend to wound her feelings, bring her into contempt, and prevent her from occupying such a position in society as is her right as a woman, are actionable in themselves."

In *Reynolds* v. *Tucker and wife*, 6 Ohio St. 516, the action being for words spoken of the plaintiff's wife very similar in substance to those charged in the case at bar, the rule we have referred to was again recognized without any modification.

It was said by Scott, J., in giving the opinion of the court in *Alfele* v. *Wright*, 17 Ohio St. 238, that "the only innovation upon the common law rule in cases of slander, which has been made in Ohio, is in regard to the slander of a female; words charging her with a want of chastity are now actionable in themselves, though this exception has never been extended to the other sex."

We feel bound by the hitherto undoubted rule which has so long prevailed in this State, and is sanctioned by so many judicial decisions. We are of opinion the demurrer should have been overruled, and an entry to that effect is now ordered.